IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGELA NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-717-RAH-SMD |
| | ) | |
| DALE COUNTY SHERIFF'S DEPARTMENT, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is pro se Plaintiff Angela Nails's ("Nails") complaint. Compl. (Doc. 1). Previously, the undersigned granted Nails leave to proceed *in forma pauperis* and stayed service of the complaint pending review under 28 U.S.C. § 1915(e). Orders (Docs. 3, 6). Pursuant to that review, the undersigned now RECOMMENDS that Nails's complaint be DISMISSED.

**I.   SECTION 1915 REVIEW**

In the Eleventh Circuit, a federal district court may review any complaint filed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B). *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004). Under this statute, a district court must dismiss a complaint if it: (i) is "frivolous or malicious," (ii) "fails to state a claim on which relief may be granted,"[1] or (iii) "seeks monetary relief against a defendant who is immune from

---

[1] Because "[t]he language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," courts in this Circuit "apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)." *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

such relief." § 1915(e)(2)(B). A reviewing court has broad discretion to manage its *in forma pauperis* cases and determine whether a complaint should be dismissed under § 1915(e)(2)(B). *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

In conducting § 1915 review, a court should liberally construe the pleadings of the pro se plaintiff and hold the allegations within her complaint to less stringent standards than those drafted by lawyers. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). A reviewing court should freely give a pro se plaintiff leave to amend a deficient pleading. *Stringer v. Jackson*, 392 F. App'x 759, 760 (11th Cir. 2010). However, a court need not give leave to amend "where amendment would be futile"[2]—i.e., where the complaint as amended would still be subject to dismissal.[3]

## II.   ANALYSIS

Nails claims that on August 12, 2011, the Dale County Sheriff's Departmen entered her apartment and removed her property pursuant to eviction proceedings. Compl. (Doc. 1). Nails alleges that she was out of town when the removal occurred, and that she discovered her property was missing upon her return. *Id*. p. 4. She further contends that the removal of her property was unlawful because the Sheriff's Department did not first determine whether she was appealing the state court's eviction order. *Id*.

On November 18, 2011, Nails filed the exact same complaint in this Court. *See Nails v. Dale Cnty. Sheriff's Dep't*, 1:11-cv-987-WKW-SRW, Compl. (Doc. 1). After she

---

[2] *Stringer*, 392 F. App'x at 760.

[3] *Smith v. Hildebrand*, 244 F. App'x 288, 290 (11th Cir. 2007).

voluntarily dismissed that case, *id*. (Doc. 18), she refiled the complaint for a second time in this Court on April 6, 2012. *See Nails v. Dale Cnty. Sheriff's Dep't*, 1:12-cv-323-MEF-TFM, Compl. (Doc. 1). Nails's second case was dismissed for failure to pay the filing fee. *Id*. (Docs. 8, 13). Now, on December 23, 2022, Nails has filed the same complaint—for a third time—with this Court.

Although Nails does not explicitly identify her claims, it appears that based on the facts alleged, Nails is attempting to assert 42 U.S.C. § 1983 claims—possibly for due process violations—against the Dale County Sheriff's Office and other individually named defendants.[4] The statute of limitations for a § 1983 claim is determined by the state's statute of limitations for personal injury actions. *Higdon v. Tusan*, 746 F. App'x 805, 814 (11th Cir. 2018) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations for personal injury claims in the state where the action is brought.") (citation omitted). In Alabama, the statute of limitations is two years for a personal injury claim and thus a § 1983 action. *See Lufkin v. McCallum*, 956 F.2d 1104, 1105 n.2 (11th Cir. 1992). The accrual date of a § 1983 claim "occurs when the plaintiff has a complete and present cause of action and can thus file suit and obtain relief." *Tillman v. Orange Cnty., Fla.*, 519 F. App'x 632, 635 (11th Cir. 2013) (internal quotations and citations omitted); *see also Porter v. Ray*, 461 F.3d 1315, 1323 (11th Cir. 2006) ("the statute of limitations does not begin to run until the facts that would support a cause of action are

---

[4] This Court has federal question jurisdiction over § 1983 claims.

apparent or should be apparent to a person with a reasonably prudent regard for his rights") (citation omitted).

Nails knew that her property had been removed from her apartment by the Dale County Sheriff's Department on or before November 18, 2011—the date she filed her first complaint in this Court. Any § 1983 claims arising from the removal of that property, then, expired two years after that date—i.e., on or before November 18, 2013. Because Nails filed this complaint on December 12, 2022—more than nine years after the statute of limitations expired—her claims are time barred and should be dismissed without opportunity to amend.

### III.  CONCLUSION

For the reasons explained above, it is the

RECOMMENDATION of the undersigned United States Magistrate Judge that Nails's Complaint (Doc. 1) be DISMISSED. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before April 10, 2023.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error

or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 27th day of March, 2023.

/s/ Stephen M. Doyle

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE